1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REUBEN NIEVES,

11            Plaintiff,                         No. CIV S-08-0988 MCE GGH PS

12        vs.

13   WORLD SAVINGS BANK, FSB,                          <u>ORDER</u> and
     WACHOVIA MORTGAGE COMPANY,            <u>FINDINGS AND RECOMMENDATIONS</u>
14
              Defendants.
15
     _____/
16

17            Pursuant to this court's order filed May 16, 2008, plaintiff has timely filed an

18   amended complaint ("Verified First Amended Complaint"), albeit virtually identical to the

19   dismissed complaint.  In addition, plaintiff has filed a Motion for Reconsideration of this court's

20   dismissal of plaintiff's Fifth Amendment claims, and a new application to proceed in forma

21   pauperis.  Also pending is plaintiff's petition "for approval" to file a lis pendens on the property

22   that is the subject of this action.

23            As set forth in this court's order filed May 16, 2008, the complaint alleges

24   generally that plaintiff entered into a residential mortgage agreement with defendants on

25   September 29, 2006, based upon incomplete and deceptive disclosures concerning plaintiff's

26   adjustable rate mortgage; plaintiff seeks to prevent the non-judicial foreclosure of his home.

1

A.  Second In Forma Pauperis Application

The court granted plaintiff's first application to proceed in forma pauperis, thus making his second application unnecessary.  While the second application provides additional information underscoring the appropriateness of granting plaintiff's initial application,[1] the court will, in effect, disregard plaintiff's second application.

B.  Lis Pendens

Plaintiff seeks this court's approval to file a lis pendens on his home pending resolution of this action.  A lis pendens provides notice to others of the pendency of an action concerning real property.  "[S]tate law governs the matter of lis pendens.  It was held long ago that the commencement of an action in a federal court is notice to all persons affected, unless a state statute requires a record to be made of the commencement of an action, in which case the statute must be followed."  Wright, Miller & Kane, Fed. Prac. & Proc. Civ. 2d, Vol. 11A, § 2935; see 28 U.S.C.A. § 1964 (state law governs constructive notice of action pending in federal court).[2]

California law makes the filing of a lis pendens optional, providing in pertinent part: "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged.  The notice may be recorded in the office of the recorder of each county in which all or part of the real property is situated.  The notice shall

---

[1]  Plaintiff states: (1) his income within the past twelve months included not only Social Security (reduced from $760 to $663 per month "because of Medicare payments"), and $350 per month rent/utility contribution from his nephew, but $12,805 in real estate commissions; (2) his total amount of cash is now $720; and (3) plaintiff's costs for caring for his disabled nephew are $200 per month reduction in rent and utilities.

[2]  28 U.S.C.A. § 1964 provides: "Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State."

2

contain the names of all parties to the action and a description of the property affected by the action."  Cal. Code of Civ. Proc.§ 405.20.  This discretionary filing extends to federal actions.  See Cal. Code of Civ. Proc.§ 405.5 ("This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state.")

Accordingly, plaintiff's request for approval to file a lis pendens, filed May 15, 2008, will be denied without prejudice to plaintiff's discretionary filing of a lis pendens pursuant to state law, whether pursuant to the instant action or, for the reasons set forth below, pursuant to Mandriguez, infra.

C.  Verified First Amended Complaint and Motion for Reconsideration

As in his initial complaint, plaintiff alleges the following five causes of action: (1) Fifth Amendment violation of procedural due process, (2) Unconscionability, (3) Breach of the Covenant of Good Faith and Fair Dealing, (4) Negligent or Intentional Infliction of Emotional Distress, and (5) Negligence Per Se pursuant to the Fifth Amendment.  The only distinction from plaintiff's initial complaint is that in the latter plaintiff made his first claim pursuant to 42 U.S.C. § 1983.

The court dismissed plaintiff's § 1983 claim on the ground that defendants are not state actors and are not acting in conjunction with state actors or implementing state policy, and that national banking legislation does not confer a right protected by the Civil Rights Act.  The court dismissed plaintiff's last claim on the similar ground that defendants are not "federal instrumentalities" having a "symbiotic relationship" with the federal government but private entities whose conduct is not actionable under the federal constitution.  Since no federal claims remained, the court also dismissed plaintiff's remaining, pendant state law, claims.  Plaintiff was nonetheless accorded leave to file an amended complaint based on the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.

The amended complaint does not state any claims under TILA, although plaintiff continues to rely on it for jurisdictional purposes.  Plaintiff explains in his "Motion for

3

1   Reconsideration," with reference to <u>Mandrigues v. World Savings, Inc. et al.</u>, No. Civ. 5:07-

2   04997 JF,[3] a class action pending in the Northern District of California in which plaintiff is a

3   member of the putative class, that, "As for plaintiff Reuben Nieves' TILA claims the class action

4   lawsuit was timely made whereas extricating me from the class action would make my TILA

5   claim time barred."  Motion for Reconsideration, at p. 9.

6           Plaintiff makes an important point.  TILA is governed by a one-year statute of

7   limitations.  <u>See</u> 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any

8   United States district court, or in any other court of competent jurisdiction, within one year from

9   the date of the occurrence of the violation").  Nieves entered into the loan agreement he

10  challenges on September 29, 2006; <u>Mandriguez</u> was filed August 30, 2007, timely for plaintiff as

11  a member of that class.  However, plaintiff's action herein was initially filed on May 7, 2008,

12  nearly two years after he entered into the challenged loan agreement.  Accordingly, as plaintiff

13  notes, a TILA claim in the instant case would be untimely – and may not, therefore, be relied

14  upon to establish this court's jurisdiction.

15          Plaintiff seeks to circumvent these problems by asking this court to reconsider,

16  without the state action requirement of § 1983, whether defendants are "federal instrumentalities"

17  having a "symbiotic relationship" with the federal government, and thus governmental actors for

18  constitutional purposes, directly liable for due process violations under the Fifth Amendment.

19  <u>See</u>, e.g., <u>Talton v. Mayes</u>, 163 U.S. 376, 382, 16 S.Ct. 986 (1896) ("the fifth amendment to the

20  constitution of the United States is a limitation only upon the powers of the general government;

21  that is, [] the amendment operates solely on the constitution itself by qualifying the powers of the

22

23          [3] The court previously misstated that the Northern District had not yet reached a decision
24  on defendants' motion to dismiss the second amended complaint in <u>Mandrigues</u>.  In an order
    filed April 9, 2008, District Judge Jeremy Fogel denied defendants' motion to dismiss, finding
25  that plaintiffs had made prima facie claims under TILA – specifically, that interest rates upon
    which payments were listed in plaintiffs' truth-in-lending disclosure statements should have been
26  clearly and conspicuously disclosed under 12 C.F.R. §226.17 and 12 C.F.R. § 226.19(b)(2)(vii)),
    as well as California statutory and case law.

national government which the constitution called into being").  Plaintiff cites several cases, concluding with the request that this court apply the "symbiotic relationship" test articulated in Burton v. Wilmington Parking Authority, 365 U.S. 715 , 81 S.Ct. 856 (1961).

In Burton, the Supreme Court found state action under the Fourteenth Amendment when the Eagle Coffee Shoppe, located in a city parking garage, denied service to an African-American man.  The private restaurant was under lease with the Wilmington Parking Authority, a state agency, which used public funds to complete construction of the restaurant, provide heat and gas service and structural repairs.  The restaurant's own improvements were tax-exempt and the rent paid to the Authority contributed to the latter's profitable stature.  The Court found state action, explaining that "[t]he State has so far insinuated itself into a position of interdependence with Eagle that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so 'purely private' as to fall without the scope of the Fourteenth Amendment."  Burton, 365 U.S. at 725.  The Court cautioned, however, that its finding was fact-specific, dependent upon the "the framework of the peculiar facts or circumstances present."  Id. at 726.  In a later case, the Court called the arrangement between the Authority and Eagle a "symbiotic relationship."  Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 175, 92 S.Ct. 1965 (1972).

"'The standards utilized to find federal action for purposes of the Fifth Amendment are identical to those employed to detect state action subject to the strictures of the Fourteenth Amendment.'  Geneva Towers Tenants Org. v. Federated Mortgage Investors, 504 F.2d 483, 487 (9th Cir.1974); see also, Fidelity Fin. Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1435 (9th Cir. 1986) (applying principles of state action cases to federal action issue), cert. denied, 479 U.S. 1064, 107 S.Ct. 949 (1987)."  Kitchens v. Bowen, 825 F.2d 1337, 1340 (9th Cir. 1987).

That the banking industry is extensively regulated by federal legislation does not in itself prove plaintiff's claim.  "The fact that a business is subject to extensive and detailed

1  regulation does not alone render its actions governmental." <u>Fidelity Financial Corp. v. Federal</u>

2  <u>Home Loan Bank of San Francisco</u>, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S.

3  1064, 107 S.Ct. 949 (1987), citing <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 350, 95

4  S.Ct. 449 (1974).  <u>See also</u>, <u>First Nat. Bank of Omaha v. Marquette Nat. Bank of Minneapolis</u>,

5  636 F.2d 195, 198 (8th Cir. 1980), cert. denied, 450 U.S. 1042, 101 S.Ct. 1761 (1981) (national

6  banking legislation does not render authorized practice a "a right, privilege or immunity

7  protected secured by federal law within the meaning of 42 U.S.C. § 1983").

8           Plaintiff fails to allege facts demonstrating the requisite interdependence between

9  these defendants and the federal government to establish governmental action.  The court finds,

10  therefore, that defendants may not be considered government actors for constitutional purposes.

11  Since plaintiff is unable to establish this court's subject matter jurisdiction under either a federal

12  statute or the U.S. constitution, his amended complaint should be dismissed without leave for

13  further amendment.  Plaintiff may pursue his rights in the U.S. District Court for the Northern

14  District of California, as a member of the putative class in <u>Mandriguez</u>.

15           Accordingly, IT IS HEREBY ORDERED that:

16           1.  Plaintiff's second application to proceed in forma pauperis, filed May 27, 2008, is

17  disregarded; and

18           2.  Plaintiff's request for approval to file a lis pendens, filed May 15, 2008, is denied

19  without prejudice to plaintiff's optional filing in state court.

20           Further, IT IS HEREBY RECOMMENDED that:

21           1.  Plaintiff's Verified First Amended Complaint be dismissed without leave to amend;

22  and

23           2.  The Clerk of Court be directed to close this case.

24           These findings and recommendations are submitted to the United States District

25  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

26  after being served with these findings and recommendations, plaintiff may file written objections

1    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

2    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

3    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

4    (9th Cir. 1991).

5    DATED: 06/24/08                                /s/ Gregory G. Hollows

6                                                   _____
                                                    GREGORY G. HOLLOWS
7                                                   U. S. MAGISTRATE JUDGE

     GGH5:Nieves0988.am.cmpt
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26